```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION

MARSHALL H. MURDOCK, pro se,     )
                                 )
        Plaintiff                )
                                 )
v.                               )    No.  3:12-1244
                                 )    Judge Sharp/Bryant
PATSY BRUCE, et al.,             )    Jury Demand
                                 )
        Defendants               )
```

**TO:   THE HONORABLE KEVIN H. SHARP**

### REPORT AND RECOMMENDATION

Defendants Bruce, Cooper, Cole, Hakeem, Hill, Johnson, Jones, Schofield and Traughber have filed their motion to dismiss the complaint or, in the alternative, their motion for summary judgment (Docket Entry No. 43). As grounds, these Defendants argue that dismissal is appropriate pursuant to Federal Rule of Civil Procedure 4(m), which requires that a defendant be served within 120 days after the complaint is filed. Defendants maintain that they were not served for at least 17 months after the filing of the complaint.

Plaintiff Murdock has filed a reply in opposition (Docket Entry No. 48). Defendant Traughber and the Tennessee Board of Parole have adopted Defendants' motion to dismiss or for summary judgment (Docket Entry No. 56).

For the reasons stated below, the undersigned Magistrate Judge finds that Defendants' motion to dismiss or, alternatively, for summary judgment should be denied.

**STATEMENT OF THE CASE**

Plaintiff Murdock, a prisoner proceeding *pro se* and *in forma pauperis*, has filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that the individual Defendants, members of the Tennessee Board of Parole and Probation, have violated Plaintiff's due process rights by wrongfully denying Plaintiff parole (Docket Entry No. 11 at 4). For relief, Plaintiff seeks a declaratory finding that the denial of parole "was unlawful, illegal, void and is of no further force and effect" (*Id*. at 5). Plaintiff also seeks money damages.

Defendants have filed their motions to dismiss or for summary judgment.

**STANDARD OF REVIEW**

A party may obtain summary judgment by showing "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Covington v. Knox County School Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. *See Martin v. Kelley*, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine dispute of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Covington*, 205 F.3d at 914 (citing

2

*Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**SUMMARY OF PERTINENT PROCEDURAL FACTS**

From the record, it appears that Plaintiff filed his original complaint in this case on November 29, 2012, and that the Court granted Plaintiff's application to proceed *in forma pauperis* on January 30, 2013. In the order granting Plaintiff IFP status the Court directed the Clerk to mail to the Plaintiff service packets (a summons and USM-285 service form) for each Defendant. Plaintiff

was ordered to complete the service packets and return them to the Clerk's office within 21 days, after which the Clerk was ordered to issue process to the Defendants (Docket Entry No. 7).

Plaintiff Murdock filed an amended complaint on April 26, 2013. On August 16, 2013, the undersigned Magistrate Judge issued an order requiring Plaintiff Murdock to show cause by August 30, 2013, why his complaint should not be dismissed for his failure to comply with the Court's order requiring him to return completed service packets to the Clerk (Docket Entry No. 17). On August 28, 2013, Plaintiff filed his response and stated therein that he had never received the service packets from the Clerk, and that if the packets had been mailed they must have been "lost or misdirected" by the mail room at the Riverbend Maximum Security Institution where Plaintiff Murdock was confined (Docket Entry No. 20). Plaintiff stated that upon receipt of the service packets he would gladly complete and return them to the Clerk as directed.

On March 17, 2014, the undersigned Magistrate Judge granted two motions by Plaintiff for leave to amend his complaint and directed the Clerk to mail another set of service packets to Plaintiff Murdock to be completed and returned to the Clerk within 28 days (Docket Entry No. 25).

The record indicates that completed service packets were received in the Clerk's office on April 8, 2014, and summonses were

issued on the following day, April 9, 2014. The record indicates that service of process on the Defendants was accomplished in late April and early May 2014 (Docket Entry Nos. 33 34, 35, 37, 38 and 39). Defendants filed their motion to dismiss or for summary judgment on June 9, 2014 (Docket Entry No. 43).

## ANALYSIS

Rule 4(m) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> **Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Defendants argue here that Plaintiff Murdock has failed to serve them within the required 120 days and has failed to show good cause for his failure. In response to Murdock's claim that he never received the service packets mailed to him by the Clerk in February 2013, Defendants have filed the affidavit of Charles Smith, a corrections officer employed at Riverbend Maximum Security Institution (Docket Entry No. 46). In this affidavit, Smith testifies that the prison mail log at Riverbend shows that items of mail addressed to Murdock from the Clerk of this Court were logged in at the prison mail room on February 6, February 7, February 8, February 15, and February 26, 2013 (*Id.*) The mail log apparently

does not contain information identifying the contents of Murdock's mail from the Clerk.[1]

The docket sheet includes a copy of a mail return receipt that appears to bear Murdock's signature indicating it contained Docket Entry No. 7, the order granting Murdock's motion for leave to proceed *in forma pauperis* (Docket Entry No. 9). In addition, the docket sheet indicates that mail addressed to Murdock was returned by the post office undelivered and received by the Clerk on February 13, 2013 (Docket Entry No. 10). The docket sheet indicates that this mail was resent to Murdock with a corrected zip code on that same day.

In his response in opposition to Defendants' motions, Murdock states that he never received service packets in this case from the Clerk (Docket Entry 48 at 3). Murdock further asserts that the law library at Riverbend Maximum Security Institution does not maintain copies of summons forms for the district court and that he was able to obtain a photocopy of a summons "from a friend who lives in east Tennessee" (*Id*. at 3).

From the foregoing facts, the undersigned Magistrate Judge finds that Plaintiff Murdock has demonstrated good cause for the delay in accomplishing service of process on Defendants. First,

---

[1]The undersigned Magistrate Judge notes that Plaintiff Murdock had a second case pending in this district in February 2013, and the record indicates that the Clerk also sent mail to Murdock in this other case during February 2013. *Charles H. Roberts and Marshall H. Murdock v. State of Tennessee, et al.*, No. 3:11-1127.

Murdock is a prisoner confined in the custody of the Tennessee Department of Corrections and must rely upon the mail to communicate with the Court. Second, Murdock is without legal representation and is entitled to certain liberal treatment regarding deadlines and pleading formalities not ordinarily afforded to parties who are represented by lawyers. Third, the record is unclear whether Murdock actually received service packets from the Clerk that should have been mailed to him in February 2013. The docket sheets indicate that mailings were made by the Clerk's Office to Murdock in February 2013, but the record fails to state whether service packets were included in the mailings. The affidavit of Charles Smith indicates that Murdock received mailings from the Clerk during February 2013, but these records likewise fail to indicate what those mailings contained. As mentioned above, Murdock states that he failed to receive service packets from the Clerk.

From all of the foregoing, the undersigned finds that there is at least a reasonable doubt that Murdock received service packets from the Clerk in February 2013. Murdock did return service packets shortly after a second set was mailed to him in March 2014. Finally, although Defendants in their memorandum argue that they have been prejudiced by delay in receiving service of process, the undersigned finds that, given the legal issues in this case it is unlikely that Defendants have been materially prejudiced. In

addition, the undersigned finds that courts generally disfavor disposing of cases based upon procedural default and favor deciding cases on the legal merits.

For all the reasons stated above, the undersigned finds that Defendants' motions to dismiss or for summary judgment (Docket Entry Nos. 43 and 56) should be denied.

## RECOMMENDATION

For the reasons state above, the undersigned Magistrate Judge recommends that Defendants' motion to dismiss or for summary judgment (Docket Entry Nos. 43 and 56) should be denied.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 6th day of March, 2015.

/s/ John S. Bryant  
JOHN S. BRYANT  
United States Magistrate Judge