UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| MARSHALL H. MURDOCK, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:12-cv-1244 |
| | ) | Judge Crenshaw |
| PATSY BRUCE, *et al.*, | ) | Magistrate Judge Bryant |
| | ) | **Jury Demand** |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court are the Plaintiff's second motion for summary judgment and the Defendants' motion to strike the motion for summary judgment. (Docket Entries 93 and 96). For the reasons provided below, the Magistrate Judge **RECOMMENDS** that the Plaintiff's motion for summary judgment be **DENIED WITHOUT PREJUDICE** and the Defendants' motion to strike be **DENIED AS MOOT**.

### I. STATEMENT OF THE CASE

The Plaintiff is proceeding *pro se* and *in forma pauperis*. He first moved for summary judgment in August 2015. (Docket Entry 84). The Defendants moved to strike the first motion for summary judgment for failure to comply with Local Rule 56.01 and for including an unsworn declaration. (Docket Entry 90). Though the Plaintiff had filed a statement of undisputed facts in support of his motion for summary judgment, the statement did not contain citations to the record and did not provide a space for the Defendants to respond to each assertion of fact. For these reasons, the Magistrate Judge recommended that the Plaintiff's motion for summary judgment be denied without prejudice and recommended that the Defendants' motion to strike be denied as

1

moot. (Docket Entry 97). The Chief District Judge accepted and approved the report and recommendation. (Docket Entry 100).

While the Plaintiff's first motion for summary judgment was being resolved, the Plaintiff filed a second motion for summary judgment. (Docket Entry 93). In support of the motion, the Plaintiff filed a verified declaration and a statement of undisputed facts. (Docket Entries 93, 94, and 95). The Defendants moved to strike the Plaintiff's second motion for summary judgment, arguing that it did not comply with either Local Rule 56.01 or Local Rule 7.01. (Docket Entry 96). Specifically, the Plaintiff's statement of undisputed facts was not supported by specific citations to the record, the Plaintiff did not provide a place for the Defendants to respond to each statement of fact, and the Plaintiff had not filed a memorandum of law in support of his motion for summary judgment. (Docket Entry 96). Attempting to rectify these errors, the Plaintiff filed a memorandum of law and another statement of undisputed facts which provided a response space for the Defendants. (Docket Entries 102 and 103). The Defendants thereafter filed a second response in opposition to the Plaintiff's motion for summary judgment. (Docket Entry 106). As the most recent statement of undisputed facts did not include citations to the record, the Defendants again requested that the Plaintiff's motion for summary judgment be denied for failure to comply with Local Rule 56.01. (Docket Entry 106).

## II.  LEGAL STANDARD AND ANALYSIS

Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.01 set forth the rules governing motions for summary judgment in this Court. Local Rule 56.01(b) provides:

> **Concise Statement of Facts.** In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Rule 56 of the Federal Rules of Civil Procedure shall be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph. ***Each fact shall be supported by specific citation***

> *to the record.* After each paragraph, the word "response" shall be inserted and a blank space shall be provided reasonably calculated to enable the non-moving party to respond to the assertion that the fact is undisputed.

Local Rule 56.01(b) (emphasis added). The "record" encompasses "deposition transcripts, answers to interrogatories, affidavits, and documents filed in support of or in opposition to the motion or documents otherwise in the Court file." Local Rule 56.01(f).

The Plaintiff filed two statements of undisputed facts in support of his second motion for summary judgment. (Docket Entries 95 and 103). These statements mainly consist of arguments, legal conclusions, and citations to legal authorities. Neither of these documents contains specific citations to the record supporting each purported statement of fact. Citations to the record not only enable the opposing party to meaningfully admit or dispute factual assertions. They also "assist the Court in ascertaining whether there are any material facts in dispute" when ruling on a motion for summary judgment. Local Rule 56.01(b). Despite the Court's previous guidance, the Plaintiff has yet again failed to comply with the Local Rule 56.01. For this reason, the Magistrate Judge recommends that the motion for summary judgment be denied without prejudice.

## III. RECOMMENDATION

For the reasons provided above, the Magistrate Judge **RECOMMENDS** that the Plaintiff's second motion for summary judgment (Docket Entry 93) be **DENIED WITHOUT PREJUDICE** and the Defendants' motion to strike (Docket Entry 96) be **DENIED AS MOOT**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen days, after being served with a copy of this Report and Recommendation to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this report and recommendation within fourteen days after being served with a copy thereof. Failure to file specific objections within fourteen days of receipt of

this report and recommendation may constitute a waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985).

  **ENTERED** this 9th day of May, 2016.

                /s/ John S. Bryant
                JOHN S. BRYANT
                United States Magistrate Judge